ENOCH O. GREENLEAF, Administrator, *vs.* GILBERT ALLEN.

Franklin. Opinion April 8, 1891.

*Costs. Puis Darrein Continuance. Pleadings waived.*

Where a defendant sets up payment under a plea *puis darrein continuance,* and the defense prevails, the plaintiff recovers the costs up to the date of the plea, and the defendant recovers them afterwards.

The same result properly enough follows where all the facts involving such a defense are submitted to a judge at *nisi prius* for his decision upon them without pleadings. In such case formal pleadings are impliedly waived.

ON EXCEPTIONS.

This was as action of assumpsit for money had and received and referred to the presiding justice with leave to except. The original action was brought by Lucretia Coolidge, plaintiff's intestate. In that action reported to the full court, there was a decision in favor of the plaintiff and the following rescript sent down :—

"Whether the defendant was appointed guardian under the 5th or 6th Section of Chapter 67 of R. S., the appointment was void for want of jurisdiction in the Probate Court. The records fail to show that the plaintiff was a married woman as required in one case or that an inquisition was had as required in the other.

"But as the defendant appears to have acted in good faith, though he is required to account for all the property received from or for the plaintiff, he is entitled to have deducted therefrom the amount turned over to the guardian subsequently appointed, as well as that paid to her or for her benefit at her request, or with her consent express or implied. For the balance, if any, the plaintiff will be entitled to judgment. If none, judgment will be for defendant. Damages to be assessed at *nisi prius.*"

See *Coolidge* v. *Allen*, 82 Maine, 23.

For the purposes of this case it was admitted that the defendant, under the decision of the law court, was indebted to plaintiff, at the date of the writ, in a greater sum than twenty dollars; but had before her death, and at this term, paid over the entire amount to her legal guardian, who was authorized to and did

receive the same. The presiding justice assessed the damages at one cent, and ordered judgment for plaintiff for that sum. To this assessment and order the defendant excepted.

*H. L. Whitcomb*, for defendant.

*E. O. Greenleaf*, for plaintiff.

Costs follow as a natural consequence in assumpsit where the plaintiff has the right to recover. If defendant's theory be correct, the plaintiff may recover the debt and the defendant the costs in the same action. In other words, the plaintiff may be entitled to bring his action but must pay the defendant damage for so doing,—thus both parties recover in the same action.

It was the duty of the defendant to have turned over to Mrs. Coolidge her property when demanded ; that duty he neglected. Where there is a neglect of duty the law presumes damages. *Laflin* v. *Willard*, 16 Pick. 64.

This defendant had no legal control of the property of plaintiff's intestate, could not be considered her personal representative, and really stood in the place of an executor *de son tort*, and could not legally settle any account of her estate. *Campbell* v. *Sheldon*, 13 Pick. 24.

The rights of the plaintiff were invaded by the defendant, and some damages follow as a matter of course, though she may not show that she has sustained any actual damage.

At the entry of this action the defendant was indebted to the plaintiff's intestate for over twenty-five hundred dollars ; that would give her full costs, and the plaintiff here submits that there is no reason why the defendant should not pay such damages as the court at *nisi prius* assessed with full costs. No tender was ever made, and none pleaded. The process was a valid one, and costs must follow. It seems to be well settled that where judgment is rendered for the penalty of a bond, being large enough to carry full costs, and execution issues for a nominal sum in damages, the plaintiff is entitled to full costs. *Howard* v. *Brown*, 21 Maine, 385.

And it is submitted that the reasoning is equally good that the plaintiff, here, be governed by the same rule and have nominal damages and full costs.

PETERS, C. J.   When this suit was brought there was a cause of action for money had and received exceeding the sum of twenty dollars.   The case went to the law court, and was sent back, after the decision of some questions, for an assessment at *nisi prius* of damages for the plaintiff.   During vacation before the cause came on for trial, the sum due the plaintiff was paid to another party authorized by law to accept payment of the same, leaving the plaintiff without further foundation for his action. The case was referred, upon these facts, to the judge at *nisi prius* for decision of all questions, who ordered a judgment for the plaintiff for nominal damages without costs.

Had the defendant set up payment under a plea *puis darrein continuance*, the facts would have supported the plea, and judgment must have been for the defendant, the plaintiff recovering costs up to the date of the plea and the defendant afterwards.

After such plea a plaintiff has an option to submit to it, or to proceed with his action.   He recovers costs until such plea is interposed, because until then his action is well founded.   But after that it would be wrongfully prosecuted.   Up to that time he is the prevailing party, while after that the defendant becomes the prevailing party.   *Lyttleton* v. *Cross*, 4 Barn. & Cress. 117 ; *Coffin* v. *Cottle*, 9 Pick. 287 ; *Staples* v. *Wellington*, 62 Maine, 9.   It has already been so decided in this state.   *Leavitt* v. *School District*, 78 Maine, 574.

No such plea was presented.   But we are disposed to think the result should be the same, upon the ground that a reference to the sitting justice for a settlement of all the questions of the case would be regarded as a waiver of formal pleadings. Substituting this result for the entry made would give to each party his legal right.

> *Exceptions sustained so far as to modify the decision*
> *of the judge by allowing full costs to the plaintiff*
> *up to the first day of the March term, 1890, and*
> *full costs to the defendant afterwards.*

WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.